FILED
United States Court of Appeals
Tenth Circuit

January 2, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEVEN DAVID MONTAGUE,

      Defendant-Appellant.

No. 07-4171
(D.C. No. 2:06-CV-878-DAK)
(D. Utah)

---

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Steven David Montague, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion. For substantially the same reasons as set forth by the district court, we **DENY** a COA and **DISMISS** the appeal.

On March 3, 2004, Montague pleaded guilty to possession of a controlled substance in violation of 21 U.S.C. § 844(a). He was then convicted by a jury the following day on three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On June 17, 2004, Montague was sentenced to 110 months' imprisonment and 36 months' supervised release for the three

firearm possession counts, and to the same sentence for the drug possession count, with both sentences to run concurrently.

Montague appealed his conviction and sentence to this court. With respect to his conviction, he argued that the district court improperly admitted hearsay evidence under the exception for forfeiture by wrongdoing.[1] United States v. Montague, 421 F.3d 1099, 1101 (10th Cir. 2005). We upheld the district court's evidentiary ruling and affirmed his conviction, but vacated his sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).

On November 3, 2005, the district court resentenced Montague to the same term of imprisonment. Montague filed a § 2255 motion on October 12, 2006, alleging ineffective assistance of counsel, denial of a speedy trial, vindictive prosecution, and prosecutorial misconduct. The district court denied the motion, concluding that Montague's claims had been decided in the prior appeal, were time barred, or had not been properly raised on direct appeal. Moreover, the court noted that Montague had not challenged the conviction to which he had pleaded guilty and which carried the same sentence as the other charges. Thus,

---

[1] Montague's wife had testified before the grand jury, but refused to testify at trial, invoking the spousal privilege. The government sought to introduce her grand jury testimony. After a brief evidentiary hearing, the district court concluded that Montague had procured his wife's unavailability as a trial witness, based in part upon his history of domestic violence and several meetings he had with his wife prior to trial.

the district court concluded, even if the court found merit in his claims, his sentence would not change.  Montague then filed this timely appeal and request for COA.[2]

On appeal, Montague raises five grounds for a grant of COA:  (1) The district court erred in finding that some of his claims were time barred; (2) Montague's sentence exceeded the statutory maximum; (3) Trial and appellate counsel were ineffective by failing to argue that possession of multiple firearms comprised only one offense; (4) The district court erred in failing to review the evidentiary ruling again; and (5) cumulative error.

As to his first claim, Montague argues that he filed his § 2255 motion on October 12, 2006, less than one year after he was resentenced, and thus his motion was timely under the Antiterrorism and Effective Death Penalty Act ("AEDPA").[3]  AEDPA's one-year period of limitation begins to run from the date

_____

[2] A petitioner may not appeal the denial of habeas relief under § 2255 without a COA.  28 U.S.C. § 2253(c)(1)(B).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2).  This requires Montague to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).  Because the district court did not rule on whether to grant a COA, we assume it was denied.  10th Cir. R. 22.1(C). Accordingly, Montague may not appeal the district court's decision absent a grant of a COA by this court.

[3] The district court stated only that "many of [Montague's] current claims are time-barred, as they fall outside the one-year statute of limitations."  The

(continued...)

on which the judgment of conviction becomes final.  28 U.S.C. § 2255.  A judgment of conviction becomes final when the time for filing a certiorari petition with the Supreme Court expires.[4]  Clay v. United States, 537 U.S. 522, 527 (2003).  Accordingly, Montague had 90 days from the entry of our judgment to file a petition for certiorari.  See Sup. Ct. R. 13(1).  In this case, we entered judgment on Montague's conviction on July 18, 2005, and thus his conviction became final on October 16, 2005.  Because Montague filed his § 2255 motion less than one year from that date, the district court erred in finding that his claims were time barred under AEDPA.  We conclude, however, that because none of Montague's other claims have merit, a grant of COA is not warranted.

Montague claims that under 21 U.S.C. § 844, he may not be sentenced to a term of imprisonment greater than one year.  Because Montague did not raise this argument in his § 2255 motion before the district court, he has waived it.  See O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990).  Moreover, 21 U.S.C. § 844 provides for a wide range of sentences, and Montague has not provided any evidence or explanation as to why he should have received a sentence of not more than one year under the statute.

---

[3](...continued)
court did not clarify which claims were time barred, nor did it provide a citation to the applicable statute of limitations.  We interpret this statement as a reference to AEDPA.

[4] Montague did not file a petition for a writ of certiorari, and thus we only consider the date on which his time for filing expired.

Regarding his ineffective assistance of counsel claim, Montague contends that counsel should have argued that his three firearm possession charges be grouped under U.S.S.G. § 3D1.2. In order to prevail on this claim, Montague must show that his attorneys' performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir. 1996).

Section 3D1.2 allows for "all counts involving substantially the same harm" to be grouped together. In the context of firearm possession under 18 U.S.C. § 922, we have previously held that possession of firearms seized at the same time should be treated as a single offense, absent some evidence that the firearms were obtained at different times. United States v. Dunford, 148 F.3d 385, 389-90 (10th Cir. 1998); United States v. Valentine, 706 F.2d 282, 294 (10th Cir. 1983). In his application for a COA, Montague asserts that the government offered no evidence at trial regarding when or how the firearms were acquired. Montague did not, however, make this specific claim in his § 2255 motion; rather, he asserted generally that the counts should have been grouped and provided no explanation as to why. Although pro se pleadings must be construed liberally, the district court is not obliged to "assume the role of advocate for the pro se

litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In light of Montague's failure to offer either specific arguments to the district court or factual support in the record for his contentions on appeal, we conclude that the district court did not err in finding no merit to his ineffective assistance of counsel claim.

In Montague's fourth claim, he argues that in light of "new evidence," the district court should have reevaluated its decision to admit his wife's grand jury testimony. This evidence consists of a letter written by his wife on August 19, 2005, and addressed to the district court judge. His original § 2255 motion, however, did not raise this contention as an independent argument. Rather, he claimed that counsel was ineffective for failing to investigate, or renew a challenge to, the government's argument that Montague had procured the unavailability of his wife's testimony at trial. Because his wife's letter post-dates both the ruling at trial and our affirmation of the ruling on appeal, counsel could only have raised this challenge on remand. Moreover, it appears that counsel did investigate this "new evidence": Prior to resentencing, counsel requested and received a continuance from the district court to allow him to interview Montague's wife about the statements in her letter. We find no indication in the record that counsel failed to respond to this new evidence adequately. Additionally, it is not clear how the contents of the letter would have altered the district court's evidentiary ruling. Because Montague has not shown either

deficient performance or prejudice, we conclude that as presented, this issue did not warrant further consideration by the district court.  See Slack, 529 U.S. at 484.

Finally, appellee advances the cumulative effect of counsel's errors as prejudicial to his defense.  Because we conclude that counsel was not ineffective, this last argument is also without merit.

Accordingly, Montague's request for COA is **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge