FILED
United States Court of Appeals
Tenth Circuit

December 30, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN DAVID MONTAGUE,

Defendant-Appellant.

Nos. 09-4077 & 09-4078
(D.C. Nos. 2:06-CV-00878-DAK &
2:09-CV-00271-DAK &
2:03-CR-00100-DAK)
(D. Utah)

---

**ORDER**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

Steven David Montague seeks to appeal the district court's denial of his

Federal Rule of Civil Procedure 60(b) motion challenging the court's earlier

denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his

criminal sentence. We deny a certificate of appealability ("COA") and dismiss

the appeal.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The facts underlying Montague's conviction are set forth in *United States v. Montague*, 421 F.3d 1099, 1100-01 (10th Cir. 2005), and will not be restated here. When he sought relief under § 2255, the district court denied the motion because it was untimely, among other reasons. On appeal, this court held that the § 2255 motion was not time-barred, but that a COA was not warranted because Montague's other claims had no merit. *United States v. Montague*, 260 F. App'x 60, 63 (10th Cir.), *cert. denied*, 129 S. Ct. 131 (2008).

More than a year later, Montague filed a motion under Rule 60(b)(4) and (6), in which he (1) argued that the district court's erroneous ruling on timeliness caused the court to fail to rule on his § 2255 claims and his new evidence, and (2) set forth two grounds for challenging his conviction and sentence. The district court correctly characterized the motion as a "mixed" motion asserting both "true" Rule 60(b) arguments, which do not require this court's authorization to proceed, and second or successive § 2255 claims, which do require authorization under § 2255(h). *See Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006). The court denied the 60(b) arguments and dismissed the other claims for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Montague now seeks to appeal the denial of the 60(b) arguments. He does not challenge the dismissal of the unauthorized successive § 2255 claims.

Montague requires a COA to appeal the denial of his 60(b) arguments. *See* 28 U.S.C. § 2253(c)(1)(B); *Spitznas*, 464 F.3d at 1217-18. A COA may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this context, to obtain a COA a movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Spitznas*, 464 F.3d at 1225 (quotation omitted). This court reviews the denial of a Rule 60(b)(6) motion for abuse of discretion, and the denial of a Rule 60(b)(4) motion de novo. *See Amoco Oil Co. v. U.S. Envtl. Prot. Agency*, 231 F.3d 694, 697 (10th Cir. 2000).

In this case, we need look no farther than the second part of the COA test. For substantially the reasons stated in the district court's Memorandum Decision and Order dated March 31, 2009, we are not convinced that reasonable jurists would find it debatable whether the district court abused its discretion in denying Montague's Rule 60(b)(6) arguments or erred in denying relief under Rule 60(b)(4).

The motions to proceed without prepayment of fees are GRANTED. A certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-3-